## No. 9707.

### STALEY *v.* KLETT.

Decided Nov. 8, 1920.   Rehearing denied Jan. 10, 1921.

Motion for judgment on bond given in connection with the issuance of a temporary restraining order. Motion denied.

### *Affirmed.*

1. INJUNCTION—*Restraining Order—Bond.* Where the showing was ample to support the issuance of a temporary restraining order under sec. 164 of the code, a motion for judgment on the bond executed pursuant to the provisions of the section was properly denied, notwithstanding the restraining order was eventually set. aside and vacated.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Messrs. HILLYER & KINKAID, for plaintiff in error.

Mr. C. E. SYDNER, Messrs. SABIN, HASKINS & SABIN, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS cause is here to review a judgment which set aside and vacated an *ex parte* restraining order, and denied a motion for judgment in favor of the defendant on the bond filed as required by law.

The restraining order was issued under section 164 of the Code, which provides, *inter alia,* as follows:

"And provided further, That no such temporary restraining order or writ of injunction shall issue without notice until the complainant shall have executed a bond, in addition to the bond or undertaking provided for in section 147 of this code, with not less than two sureties, and in an amount to be fixed and approved by the court or judge thereof, and conditioned for the payment of the sum therein mentioned to the defendant if it shall be adjudged that

such emergency did not exist or that the plaintiff created, or connived at its creation, by neglect or otherwise."

The complaint in the cause alleged that plaintiff is the owner of certain lands, had been in possession thereof for more than twelve years, and had placed thereon valuable improvements. Further, that he had approximately two thousand head of sheep, then in the process of lambing, herded and pastured on the land. That defendant, with full knowledge of the conditions, claimed the right of possession of the land, had entered thereon and was plowing up a portion of the same, destroying the grass, and threatened to continue so to do, and to thus interfere with the process of the lambing of the sheep. The complaint was supported by the affidavits of two other persons in substance containing the same allegations as those set out in the complaint.

The temporary writ was issued on May 3rd, 1919, but no hearing was had in the case until August 4th, 1919. At such hearing it was disclosed that the real matter in dispute between the parties was the right of possession of the land, which difference arose because the locations of section lines in that locality are in dispute. That matter, however, is not now here for consideration.

From the record it is manifest that there was no abuse of discretion by the trial judge in issuing the temporary order. The showing made was ample to support the issuance of such writ. As to probable cause for belief that defendant intended to oust plaintiff from the land it appears from the testimony that he had demanded possession, that he knew of the condition of plaintiff's sheep at the time, and that he had threatened to use force if plaintiff failed to vacate immediately. It also appears that defendant actually plowed up some of the land, destroying the pasture upon which the sheep were dependent, and that he threatened to continue until all the grass should be thus destroyed. Upon this state of facts plainly an emergency existed for which the issuance of a temporary restraining order was a proper and legitimate remedy. The denial of

judgment on the bond was, therefore, proper and abundantly justified, and should be affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE ALLEN concur.